IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ROY L. KIMBELL                                                                                          PLAINTIFF

vs.                                        Civil No. 1:07-cv-01118

MICHAEL J. ASTRUE                                                                                    DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Roy L. Kimbell ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed his applications for SSI and DIB on June 1, 2005.  (Tr. 14, 50-52, 61-63).  Plaintiff alleged he was disabled due to a right knee injury and open heart surgery.  (Tr. 80). At the administrative hearing on April 3, 2007, Plaintiff also alleged he was disabled due to arm, neck, leg, and back pain.  (Tr. 278-280).  Plaintiff alleged an onset date of May 26, 2005.  (Tr. 14,

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

50, 61).  These applications were initially denied on September 26, 2005 and were denied again on reconsideration on February 23, 2006.  (Tr. 36-37, 59-60).

On March 6, 2006, Plaintiff requested an administrative hearing on his applications.  (Tr. 32).  The hearing was held on April 3, 2007 in El Dorado, Arkansas.  (Tr. 271-291).  Plaintiff was present and was represented by counsel, Denver Thornton, at this hearing.  *See id.*  Plaintiff and Vocational Expert ("VE") Ken Waits testified at this hearing.  *See id.*  On the date of this hearing, Plaintiff was fifty-two (52) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008), and had completed the eighth grade in school.  (Tr. 274).

On May 24, 2007, the ALJ entered an unfavorable decision denying Plaintiff's applications for SSI and DIB.  (Tr. 14-23).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2009.  (Tr. 16, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 26, 2005, his alleged onset date.  (Tr. 16, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: status post chest stab wound, degenerative disease of the right knee, osteoarthritis, and status post left shoulder fracture.  (Tr. 16, Finding 3).  The ALJ also determined, however, that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 17, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC").  (Tr. 17-21, Finding 5).  First, the ALJ discounted Plaintiff's subjective complaints.  (Tr. 17-19).  The ALJ noted the following: "After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could

reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Tr. 19). Second, after discounting these subjective complaints, the ALJ evaluated the other evidence in the record and determined Plaintiff retained the following RFC:

> Considering the claimant's impairments and his mild to moderate pain, after careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform work at the light exertional range. He can lift and/or carry up to 20 pounds occasionally and 10 pounds frequently. The claimant is able to push and/or pull 10 pounds frequently and 20 pounds occasionally. The claimant is able to stand and/or walk for 6 hours in an 8-hour workday; he can sit for 2 hours in an 8-hour workday. He can occasionally climb, balance, stoop, bend, crouch, kneel and crawl. The claimant may only occasionally reach overhead with his upper extremities.

(Tr. 17-21, Finding 5).

The ALJ then determined Plaintiff would be unable to perform any of his Past Relevant Work ("PRW") but would be able to perform other work existing in significant numbers in the national economy. (Tr. 22-23, Findings 6, 10). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 271-291). The VE testified that Plaintiff's PRW included work as a wood preserving plant laborer (very heavy, unskilled). (Tr. 286-287). The VE testified that a hypothetical person the same age as Plaintiff and with the same education, work experience, and RFC as Plaintiff would be unable to perform Plaintiff's PRW. (Tr. 288).

The VE also testified, however, that the same hypothetical individual would be able to perform other work existing in significant numbers in the national economy. (Tr. 288-289). Specifically, the VE testified that this hypothetical individual could perform work as a patch worker (light, unskilled work) with 2,000 such jobs in Arkansas and 223,000 such jobs in the United States. (Tr. 22-23, Finding 10). Based upon this testimony, the ALJ determined that there were a significant

number of jobs in the economy which Plaintiff would be able to perform and that Plaintiff had not been under a "disability" as defined by the Act from May 26, 2005 through May 24, 2007, the date of the ALJ's decision. (Tr. 23, Finding 11).

On May 29, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 8). 20 C.F.R. § 404.968. On December 21, 2007, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on January 4, 2008. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 7-8). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one

year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

      To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

      Plaintiff brings the present appeal raising several issues, including the following: (1) the ALJ erred by failing to find Plaintiff was entitled to benefits pursuant to 20 C.F.R. § 416.962(a); (2) the

ALJ erred by failing to develop the record; and (3) the ALJ erred by posing an improper hypothetical to the VE. (Doc. No. 7, Pages 1-12). In response, Defendant claims that the ALJ properly satisfied his duty to fully and fairly develop the record, that Plaintiff was not entitled to benefits pursuant to 20 C.F.R. § 416.962(a), and that the ALJ posed a properly-phrased hypothetical to the VE. (Doc. No. 8, Pages 3-14). Because the ALJ did not properly determine whether Plaintiff met the requirements of 20 C.F.R. § 416.962(a), this Court will only address Plaintiff's first issue.

Pursuant to 20 C.F.R. § 416.962(a), a claimant may be disabled if he or she meets the requirements of a certain medical-vocational profile. Specifically, 20 C.F.R. § 416.962(a) provides the following:

> If you have no more than a marginal education (see § 416.964) and work experience of 35 years or more during which you did only arduous unskilled physical labor, and you are not working and are no longer able to do this kind of work because of a severe impairment(s) (see §§ 416.920(c), 416.921, and 416.923), we will consider you unable to do light work and, therefore, disabled.

Accordingly, a claimant is entitled to disability if he or she meets the following three requirements: (A) the claimant has a marginal education, (B) the claimant has work experience of 35 years or more doing arduous unskilled physical labor, and (C) the claimant is no longer able to do this kind of work because of a severe impairment or impairments. *See id.* This Court will address each of these three requirements.

**A. Marginal Education**

Pursuant to the Social Security Regulations, the SSA evaluates a claimant's education in order to determine whether that claimant should be classified as being illiterate, having a marginal education, having a limited education, or having a high school education and above. *See* 20 C.F.R. § 416.964(b). In making this determination, the SSA is required to consider the claimant's formal

6

education but is not required to accept that formal education as dispositive: "the numerical grade level that you [the claimant] completed many years before your impairment began, or unused skills and knowledge that were a part of your formal education, may no longer be useful or meaningful in terms of your ability to work." *Id.* Instead, the SSA uses the claimant's formal education as a guide in determining his or her educational abilities. *See id.* Specifically, the Regulations provide as follows: "The numerical grade level that you [the claimant] completed in school may not represent your actual educational abilities. These may be higher or lower. However, if there is no evidence to contradict it, we [the SSA] will use your numerical grade level to determine your educational abilities." *Id.*

For "marginal education," the Regulations provide as follows: "Marginal education means ability in reasoning, arithmetic, and language skills which are needed to do simple, unskilled types of jobs. We generally consider that formal school at a 6th grade or less is a marginal education." 20 C.F.R. § 416.964(b)(2). For "limited education," the Regulations provide as follows: "Limited education means ability in reasoning, arithmetic, and language skills, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs. We generally consider that a 7th grade through the 11th grade level of formal education is a limited education." *Id.* at § 416.964(b)(2).

In the present action, the ALJ determined, without any support or explanation, that Plaintiff had a limited education. (Tr. 22, Finding 8). At the administrative hearing, Plaintiff testified that he has an eighth grade formal education.[2] Plaintiff, however, also testified at that hearing that he

---

[2] Plaintiff stated in his disability application that he had completed the 9th grade. (Tr. 85). However, in his testimony at the administrative hearing, he stated that he had completed the 8th grade. (Tr. 274). This Court will presume that Plaintiff's testimony under oath on April 3, 2007 is correct and that Plaintiff only completed the 8th grade.

could only read "a little bit" and could write some but could only spell "a little." (Tr. 275). Plaintiff did not provide further explanation, and the ALJ did not further question Plaintiff regarding Plaintiff's educational abilities.

Based upon this testimony, it is unclear whether Plaintiff should be considered as having a "marginal education" or as having a "limited education." Plaintiff's completion of the eighth grade indicates that he should be classified as having a limited education. However, Plaintiff's testimony that he is restricted in his ability to read and spell indicates that his educational abilities are only marginal. Without more, it is unclear whether Plaintiff can meet this first requirement of 20 C.F.R. § 416.964(b). This case should be reversed and remanded for further consideration of Plaintiff's educational abilities and for a determination of whether he meets the requirements of 20 C.F.R. § 416.964(b).

### B. Plaintiff's Work Experience

Under 20 C.F.R. § 416.964(b), a claimant must also establish that he or she completed 35 years or more of "arduous physical labor." In the present action, Plaintiff's PRW as a wood preserving plant laborer is classified as "very heavy" work and clearly can be considered "arduous physical labor." (Tr. 22, Finding 6).

As for the duration of this work, the record indicates that, in the past fifteen years, he worked from 1991 until 2005 "off and on." (Tr. 81). However, the record is not developed prior to the last fifteen years. Therefore, it is unclear whether Plaintiff has performed a total of 35 years of this work. This case must be reversed and remanded for further consideration of whether Plaintiff worked a total of 35 years performing "arduous physical labor."

**C. Inability to Perform Past Work**

The ALJ determined Plaintiff was unable to perform his PRW as a wood preserving plant laborer. (Tr. 22, Finding 6). Therefore, Plaintiff has met this requirement of 20 C.F.R. § 416.964(b).

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 10th day of December, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE